## G. W. GRIMES *v.* J. F. GRIMES.

**Pleading—Answer to Make Specific Denial.**

A petition alleges that A. paid to B. on ————, $500.00 to be credited on a note, which the holder agreed and promised to enter on said note, but had failed to do so. The answer states that after the agreed settlement, on ————, etc., no payments were made by the payor to the payee. Held, not to be a denial of the specific charge in the petition.

APPEAL FROM FAYETTE CIRCUIT COURT.

December 21, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

The allegation is explicitly made in the petition that before appellant assigned the note for $4,200 to Hanna that appellee paid to appellant on the ———— day of February, 1866, on Cheapside, in Lexington, $500 to be credited on said note of $4,200, and which credit appellant agreed, and promised to enter on said note; but had failed to do.

This specific allegation of the payment with time and place is not replied to in the answer. It is true that in general terms appellant says that after the settlement in Kincead's office in January, 1866, no *payments were* made by appellee to appellant. And then presents an agreement to show that from the recent assignment of the note after the settlement in January, 1866, to Hanna, and the opportunities appellee had to present his claim for the credit before the judgment for the sale of the land was rendered, create a strong presumption against his claim. The force of that argument can not be denied. But it would have been much stronger if appellant had directly responded to, and denied the charge of the payment of any money at the time and place designated in the petition, or at any other time and place subsequent to the settlement in January, 1866, and for which appellee had not been credited.

But even waiving the consideration of the insufficiency of the answer, the payment of the $500 is established by the evidence of Adams and Goodloe. When told by appellee in presence of

these witnesses that he had received the $500 as a payment for the land at the time and place named in the petition, appellant admitted he got the money, but said it was credited on the other note, in which it seems he was mistaken.

A different conclusion from the circuit judge is not authorized by the pleadings and proof in this case.

Wherefore the judgment is affirmed.

*Breckinridge & Buckner, for appellant.*
*Huston & Mulligan, for appellee.*